UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,                              No. 09-11449

       Plaintiff,                        District Judge Gerald E. Rosen

v.                                          Magistrate Judge R. Steven Whalen

VSI METER SERVICES, INC., ET AL.,

       Defendants.
_____/

# ORDER

On January 27, 2010, Plaintiff filed a Motion to Compel More Specific Answers [Doc. #26]. Defendants filed a response on February 10, 2010 [Docket #30]. On February 2, 2010, the Court issued a Notice of Hearing on Plaintiff's motion, scheduling argument for March 2, 2010. Neither Plaintiff's nor Defendants' counsel appeared at the hearing. Therefore, the Motion will be decided on the written pleadings.

F.R.Civ.P. 37(a)(2)(B) requires that in a motion to compel discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Likewise, E.D. Mich. L.R. 7.1 requires a moving party to seek concurrence before filing a motion in this Court. If concurrence is not obtained, L.R. 7.1(a)(2) requires that the motion state that "there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought," or "despite reasonable efforts specified in the motion, the movant was unable to conduct a conference."

In their Motion, Plaintiff does not state whether concurrence was sought. In their Response, the Defendants' attorney affirmatively state that Plaintiff's counsel did not contact her regarding the motion, despite Defendants' attorney having left telephone messages and sent emails requesting a conference. In addition, this Court's Notice of Hearing [Doc. #29] specifically mandates a pre-hearing conference pursuant to L.R. 37.1, and directs the filing of a joint list of unresolved issues. None of these requirements has been met. In addition, Plaintiff's counsel failed to appear at the March 2nd hearing.

Thus, Plaintiff's motion has been filed in violation of the above rules. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Sarafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). Moreover, by failing to appear at the hearing as directed, it appears that Plaintiff has abandoned the motion.

The Motion to Compel [Doc. #26] is therefore DENIED.

Of course, Defendants' counsel also failed to appear at the hearing, apparently abandoning the request for attorneys' fees and costs. That request is likewise DENIED.

Finally, both counsel are reminded that the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Michigan, and Notices of Hearing and other orders issued by this Court are not mere suggestions, they are mandates, and compliance is not optional. The Notice of Hearing requires that the Court be notified if the motion has been resolved. There is a good reason for this. The Court reads all pleadings carefully in preparation the scheduled hearing, and if, as in this case, the Court receives no notification, and the attorneys simply fail to show up, then the attorneys have unnecessarily wasted limited judicial resources. Any future disregard of the Rules or of this Court's orders will be sanctioned.

IT IS SO ORDERED.

                              S/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated: April 20, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 20, 2010.

                              S/G. Wilson
                              Judicial Assistant